## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SIMON MAJDIPOUR, PAMELA AUSTIN, BRIAN FUCHS, CHARLES MANIS, JASON MANOWITZ, and MARVINA ROBINSON, individually, and on behalf of a class of similarly situated individuals, | : : : : : : | **OPINION** Civ. No. 12-cv-07849 (WHW) (CLW) |
| Plaintiffs, | : : | |
| v. | : : : | |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | : : : | |
| Defendant. | : : : : | |

**Walls, Senior District Judge**

This matter arises from Plaintiffs Simon Majdipour, Pamela Austin, Brian Fuchs, Charles Manis, Jason Manowitz, and Marvina Robinson's class action complaint against Defendant Jaguar Land Rover North America, LLC regarding alleged defects in the model-year 2003 to 2006 Land Rover Range Rover vehicle. Under Federal Rule of Civil Procedure 23(e), these Plaintiffs now move, with consent from Defendant, for preliminary approval of a settlement agreement, conditional class certification, approval of class notice procedures, and the scheduling of a final fairness hearing. After oral argument on October 12, 2017, Plaintiffs' motion is denied.

## FACTUAL AND PROCEDURAL HISTORY

### I.    The second amended complaint

The facts of this case have been set out in the Court's opinions on the Defendant's motions to dismiss, ECF Nos. 26, 61, and need not be repeated here. Briefly, this case arises from claims regarding model-year 2003 to 2006 Land Rover Range Rover vehicles (the "Class Vehicles"), a line of sport utility vehicles produced by Defendant Jaguar Land Rover North America, LLC ("JLRNA"). Plaintiffs are owners of Class Vehicles who allege that, at the time of purchase, their vehicles were equipped with defective electronic air suspension systems. Second Am. Compl. ("SAC"), ¶¶ 1, ECF No. 44. Plaintiffs allege that this defect causes a loss of air pressure in the suspension system that renders the vehicle unable to drive in a straight line and can cause the driver to lose control of the vehicle. *Id.* at ¶ 2.

Named Plaintiffs include two individuals from California, Simon Majdipour and Pamela Austin, *id.* at ¶19; an individual from Florida, Jason Manowitz, *id.* ¶ 20; an individual from Georgia, Charles Manis, *id.* ¶ 21; and two individuals from New York, Brian Fuchs and Marvina Robinson, *id.* ¶ 22. All of the plaintiffs purchased their vehicles in their home states with the exception of Charles Manis, who purchased his vehicle in Florida. *Id.* ¶ 21. Brian Fuchs purchased a 2003 Range Rover; Jason Manowitz purchased a 2004 Range Rover; and Simon Majdipour, Pamela Austin, Charles Manis, and Marvina Robinson purchased 2006 Range Rovers. *Id.* ¶¶ 19–22.

The named Plaintiffs bring claims on behalf of themselves, a nationwide class of individuals who leased or purchased Class Vehicles, and sub-classes of owners and/ or lessees who purchased a Class Vehicle in California, New York, and Florida (the "Nationwide Sub-Class," "California Sub-Class," "New York Sub-Class," and "Florida Sub-Class," respectively).

*Id.* ¶¶ 8, 92. The action was initiated by Plaintiff Simon Majdipour, individually and on behalf of a proposed class of similarly situated individuals. Compl., ECF No. 1. Majdipour amended the complaint to add Pamela Austin on April 17, 2013. First Am. Comp. ("FAC"), ECF No. 14. The First Amended Complaint alleged a total of eight claims against JLRNA, including violations of the New Jersey Consumer Fraud Act ("NJFCA"), *id.* ¶¶ 68–76; breach of express warranty, *id.* ¶¶ 77–88; common law fraud, *id.* ¶¶ 89–92; breach of the duty of good faith and fair dealing, *id.* ¶¶ 93–96; unjust enrichment, *id.* ¶¶ 97–102; breach of the implied warranty of merchantability, *id.* ¶¶ 103–09; violation of California's Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.*, ECF No. 14 ¶¶ 110–25; and violation of California Business and Professional Code § 17200, *et seq.*, ECF No. 14 ¶¶ 126–38. The Defendant moved to dismiss the FAC on May 8, 2013. ECF No. 17.

On October 9, 2013, the Court (a) granted the motion to dismiss the NJCFA claims; (b) granted the motion to dismiss the breach of express warranty claim; (c) denied the motion to dismiss the common law fraud claim; (d) denied the motion to dismiss the breach of the duty of good faith and fair dealing claim; (e) granted the motion to dismiss the unjust enrichment claim; (f) denied the motion to dismiss the implied warranty of merchantability claim; and (g) denied the motion to dismiss the California consumer fraud claims. ECF No. 26.

The Plaintiffs filed the SAC on August 11, 2014. ECF No. 44. The SAC added plaintiffs Jason Manowitz, Charles Manis, Brian Fuchs, and Marvina Robinson. *Id.* ¶¶ 20–22. In the SAC, the new plaintiffs asserted three claims: violation of consumer protection statutes; common law fraud; and breach of the duty of good faith and fair dealing. *Id.* ¶¶ 101–108, 144–160. The SAC also added new claims by the existing plaintiffs for failure to recall or retrofit. *Id.* ¶¶ 161–69.

NOT FOR PUBLICATION

On March 18, 2015, the Court denied the Defendant's motion to dismiss the new

Plaintiffs' common law fraud claims, and granted the Defendant's motion to dismiss all other

new claims in the SAC. ECF No. 61.

Consequently, the remaining claims allege common law fraud, breach of the duty of good

faith and fair dealing, breach of the implied warranty of merchantability, and violation of

California consumer-protection statutes.

## II.    The proposed Class settlement agreement

On June 19, 2017, Plaintiffs announced that they and the Defendant had agreed to a

settlement. Pls.' Br. ECF No. 73-1. Under Federal Rule of Civil Procedure 23(e), Plaintiffs now

move for preliminary approval of a settlement agreement, conditional class certification,

approval of class notice procedures, and the scheduling of a final fairness hearing. *Id.*

### A.  The Proposed Settlement Class

The parties' settlement agreement defines the proposed settlement class to include

> [a]ll current and former owners or lessees of Model Year 2003 through Model Year
> 2006 Land Rover Range Rover vehicles ("Class Vehicles") who were the registered
> owners or lessees of such vehicles on or before the date of this Agreement to the
> extent that such registrations were in the District of Columbia or one of the fifty
> (50) states of the United States, except that the following are excluded: (i) vehicles
> owned or leased by judicial personnel assigned to the Majdipour lawsuit and (ii)
> persons, if any, who prior to the date of the preliminary approval, settled with and
> released JLRNA or any other Releasee from any of the released claims as set forth
> in [a later subsection].

Cert. of Matthew R. Mendelsohn ("Mendelsohn Cert."), Ex. 1 Settlement Agreement ("The

Settlement Agreement"), ECF No. 73-2.

The Settlement Agreement appoints all six named Plaintiffs as Class Representatives. *Id.*

at 1.

### B. The settlement terms

Assuming that the Court enters preliminary and final approval orders, the Plaintiffs agree to dismiss this action with prejudice, and all Class members

> shall be deemed to hereby fully and irrevocably release, waive, and discharge the Releaseees, whether or not specifically named herein, from any and all past, present, and future liabilities, claims, causes of action . . . that (i) were or could have been asserted in th[is] litigation . . . or (ii) that were our could have been asserted in any other [lawsuit] and relate to or concern allegedly defective front air springs on Class Vehicles . . . ."

*Id.* at 23–24.

In consideration, Defendant agrees to reimburse Class Members for certain out-of-pocket expenses incurred for front air spring replacement. *Id.* at 8. Specifically, Class Members would be reimbursed for the lesser of either the amount actually paid to replace the spring, or an amount determined by the Settlement Agreement based on the vehicles' mileage and the length of ownership. *Id.* The applicable year and mileage ranges set out in the Settlement Agreement are:

| Year | Mileage Range | Maximum Reimbursement |
|------|---------------|-----------------------|
| 5 | 50,001 to 62,500 | $500.00 |
| 6 | 62,501 to 75,000 | $250.00 |
| 7 | 75,001 to 87,500 | $125.00 |
| 8 | 87,501 to 100,000 | $100 |

*Id.*

To qualify for a particular Maximum Reimbursement, "a Class Vehicle must have, at the time of the front air spring replacement, both (1) been in service for less than the applicable number of years and (2) been driven for less than the maximum number of miles within the applicable mileage band." *Id.* at 8–9.

The parties have not specified the total dollar value of the settlement because the total amount paid out by Defendant will depend on the number and nature of claims submitted by Class members, but Plaintiffs' counsel estimated at oral argument on October 12, 2017 that the settlement's total value is approximately $6.2 million. Oct. 12, 2017, Tr. at 5:7.

### C. Notice to the Class Members of the settlement

The Settlement Agreement provides a process by which Class Members can submit claims for reimbursement, and describes a program, paid for by Defendant, to notify Class Members of the settlement and allow them to opt out/object to the terms of the settlement if this Court grants preliminary approval. Settlement Agreement at 9–14, 18–20.

### D. Attorneys' fees and service awards

Under the Settlement Agreement, Defendant agrees to pay Class Counsel $1,300,000 in attorneys' fees and up to $75,000 for costs and expenses. *Id.* at 20. Defendant agrees not to oppose this amount. *Id.* Plaintiffs' counsel intends to seek $1,300,000 in fees and $75,000 in costs. Pls.' Br. at 11. Defendant also agrees to pay Class Representatives a one-time payment in the aggregate amount of $16,000, distributed as follows: $5,000 to Simon Majdipour, $3,000 to Pamela Austin, and $2,000 each to Brian Fuchs, Charles Manis, Jason Manowitz, and Marvina Robinson. Settlement Agreement at 20.

## DISCUSSION

Settlement of a class action requires the district court's approval. The court must find that the settlement is "fundamentally fair, reasonable, and adequate." Fed. R. Civ. P. 23(e); *Erheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010). The court reviews proposed class settlements in two stages. The first stage is a "preliminary fairness evaluation." *In re National*

*Football League Players' Concussion Injury Litig.* (*NFL Concussion Injury Litig.*), 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014); Manual for Complex Litigation § 21.632 (4th ed. 2006). If the court grants preliminary approval, which is non-binding, the court then directs that notice be sent to all class members. Manual for Complex Litigation § 21.632.

Preliminary approval is granted unless the proposed settlement is obviously deficient. *Weissman v. Philip C. Gutworth, P.A.*, 2015 WL 333465, at *2 (D.N.J. Jan. 23, 2015) (Walls, J.); *cf. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In making its preliminary evaluation, the court generally considers whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995). These factors create an "initial presumption of fairness." *Id.* In the second stage, after class notice, the court holds a final fairness hearing. Fed. R. Civ. P. 23(e)(2); *see* Manual for Complex Litigation § 21.632. If the court concludes that the settlement is "fair, reasonable and adequate," it will give final approval. Fed. R. Civ. P. 23(e)(2).

Although the standard of review at the preliminary certification stage is not exacting, "preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." *NFL Concussion Injury Litig.*, 691 F. Supp. 2d at 714. In situations such as this where settlement negotiations "precede[] class certification, and approval for settlement and certification are sought simultaneously," the Court must be "even 'more scrupulous than usual' when examining the fairness of the proposed settlement." *Id.* (quoting *In re Wayfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir 2004).

In this context, "courts are to pay 'heightened attention'" to ensure that class counsel has adequately protected the interests of all class members. *Zimmerman v. Zwicker & Assocs., P.C.*, 2011 WL 65912, at *4 (D.N.J. Jan. 10, 2011) (quoting *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349 (3d Cir. 2010)). In paying "heightened attention," "a district court acts as a fiduciary, guarding the claims and rights of the absent class members . . . ." *Id.* (quoting *Pet Food*, 629 F.3d at 349). Even when settlement negotiations are conducted at arms-length and in good faith, denial of a preliminary settlement agreement may be appropriate if the agreement fails to provide any compensation to certain class members. *See NFL Concussion Injury Litig.*, 961 F. Supp. 2d at 715 ("I am primarily concerned that not all [class members] who [qualify for compensation] will be paid.").

The standards for preliminary approval are not met in this case. Plaintiffs represent that the settlement was reached "after extensive, arm's-length negotiations among experienced counsel who believe the settlement is in the best interests of their respective clients." Pls.' Br. at 15. Settlement negotiations occurred after the parties "engaged in a full-day mediation before Hon Stephen A. Sundvold (Ret.)," and a subsequent mediation session to address attorneys' fees and costs. *Id.* at 6. The parties "conducted extensive discovery prior to settlement," including "review of thousands of pages of documents, a deposition of a corporate designee for the designer and manufacturer of the Class Vehicles, and consultation with an expert." *Id.* at 15.

However, the settlement terms do not appear to be "fair, reasonable, and adequate." The Settlement Agreement includes as Class Members owners of vehicles outside the maximum age and mileage range. The Class Members include "[a]ll current and former owners or lessees of Model Year 2003 through Model Year 2006 Land Rover Range Rover vehicles," and therefore includes owners who have owned their Class Vehicle for longer than eight years and whose

Class Vehicles have more than 100,000 miles. Settlement Agreement at 7. Those Class Members

would "fully and irrevocably release, waive, and discharge the [Defendant] . . . from any and all

past, present, and future liabilities, claims, causes of action," but would be ineligible for any

compensation under the Settlement Agreement. *Id.* at 23–24

In *Zimmerman v. Zwicker & Associates, P.C.*, No. 09–3905 (RMB/JS) 2011 WL 65912,

at *4 (D.N.J. Jan. 10, 2011), the court denied a motion for preliminary class certification because

the proposed settlement required class members to release multiple claims against the defendant

in exchange for the defendant's *cy pres* donation to a foundation. The court reasoned that

requiring the class members to release their claims for such a "phantom benefit" was not "fair,

reasonable, and adequate." *Id.* The court noted its particular concern because in that case, as

here, the parties sought class certification and settlement approval simultaneously. *Id.* (applying

the "heightened attention" standard).

Less than the "phantom benefit" in *Zimmerman*, Class Members outside of the year and

mileage requirements would receive nothing except the possible deterrent benefit that would

accrue to them as general members of the public, and satisfaction that the Defendant had to pay

for its alleged misconduct.

As to the Class Members within the year and mileage range, the eligible reimbursement

appears unusually low. In the SAC, Plaintiffs seek declaratory and injunctive relief;

"compensatory, exemplary, treble, punitive and statutory damages"; statutory remedies;

disgorgement; and attorneys' fees and costs. SAC at 38. Under the Settlement Agreement,

however, Class Members will be entitled only to minimal compensation for limited out-of-

pocket expenses. Settlement Agreement at 8. For example, Class Members who own cars driven

between 87,501–100,000 miles and owned for 8 years are eligible for $100 in compensation,

while Plaintiffs allege that replacement can cost as much as $2,500. SAC ¶ 35. No Class Member would be entitled to statutory or punitive damages as sought in the SAC. In other settlements involving automobile defects, consumers have been awarded substantially greater benefits. *See Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146 2013 WL 1192479 (D.N.J. Mar. 22, 2013) (approving settlement providing between 25% and 50% reimbursement for defective transmission replacement for original owners of vehicles with 100,000 miles or less). Given the Court's responsibility to pay "heightened attention" to absent class members due to the settlement procedure in this case, the Court finds that such relief is not "fair, reasonable, and adequate." *Id.* at *4.

Plaintiffs have not addressed why such a minimal amount of reimbursement for many Class Members would be reasonable, or why it is fair to require Class Members to release claims against Defendant even if they are ineligible for any compensation under the Settlement Agreement. While the ultimate fairness of the Settlement Agreement is determined at the final approval stage, the parties must still provide the Court with some evidence that the settlement is fair to be granted preliminary approval. *See NFL Concussion Injury Litig.*, 961 F. Supp. 2d at 715–16. It is the responsibility of the parties to provide the court with "the information needed to evaluate the fairness or adequacy of the proposed settlement." *Id.* (collecting cases).

At the preliminary approval hearing, the Court expressed concerns about the adequacy of the compensation under the Settlement Agreement compared to the relief that would be available to Class Members should they prevail at trial. Oct. 12, 2017, Tr. at 6:21–23. Counsel was unable to provide any estimate of the value of the case to Plaintiffs. *Id.* at 6:24–25.

In support of their motion, Plaintiffs submit two pieces of evidentiary material. Plaintiffs submit a certification by their counsel Matthew Mendelsohn stating: "I believe that under the

circumstances, the proposed Settlement is fair, reasonable and adequate and in the best interest of

the Class Members. Although I strongly believe in the merits of Plaintiffs' case, I also believe

that continuing this Action poses significant risks." Mendelsohn Cert. ¶ 9. Plaintiffs also submit

a declaration of Payam Shahian stating that "[b]ased on our investigation and evaluations in this

case, as well as my experience litigating automotive class action matters, I believe that this

Settlement and the benefits it provides to the putative Class Members are fair and reasonable."

Decl. of Payam Shahian ("Shahian Decl.") ¶ 2, ECF No. 73-3. In their brief, Plaintiffs allude to

"difficulties faced by consumers pursuing automobile defect cases," indicating that class

certification has been denied in such cases, and that others have been dismissed. Pls.' Br., at 15

(collecting cases). However, they provide no specificity about how this case compares to other

class actions, or what "risks" or "difficulties" they would have to overcome given these

particular facts.

At the hearing on October 12, 2017, Counsel indicated in general terms that the

settlement amount reflected a possible defense available to Defendants, but has not provided the

Court with any specific explanation of how this would affect the fairness of the proposed

settlement *See* Oct. 12, 2017, Tr. at 7. This general statement alone is not sufficient to allow this

Court to find that the proposed settlement is "fair, reasonable, and adequate." *See Martin v.

Cargill, Inc.*, 295 F.R.D. 380, 385 (D. Minn. 2013) (denying preliminary settlement approval,

noting: "Plaintiffs assert . . . that they are 'convinced their case has merit, but recognize

substantial risk is involved in continuing litigation.' But they offer no specifics." (citations

omitted)).

Whatever difficulties the Class Members may face in litigating this case, this Court

cannot accept as reasonable such a significant difference between the compensation available

under the Settlement Agreement and the actual cost of repair without some evidence of why it is appropriate. *See id.* ("There is always a chance that a court might not certify a class, that the jury might find plaintiffs have not met their burden of proof, or that an appellate court might overturn a verdict. The question is what is the chance that one or more of these events will happen in this case?" (quoting *Galloway v. Kan. City Landsmen, LLC*, No. 4:11-1020-CV-W-DGK, 2013 WL 3336636, at *4–6 (W.D. Mo. July 2, 2013)).

Because Plaintiffs have not provided any evidence as to why the Settlement Agreement provides proportionally minimal reimbursement to Class Members, and because some Class Members would be ineligible for any reimbursement at all under its terms, Plaintiffs have not demonstrated that the terms of the terms of the settlement are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

As the motion is denied, the Court will not determine whether the requirements of conditional class certification under Rule 23(a) and 23(b) are met.

## CONCLUSION

For the reasons stated, Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement is denied. An appropriate order follows.

DATE: 28 March 2018

William H. Walls
Senior United States District Court Judge