UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMON MAJDIPOUR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAGUAR LAND ROVER NORTH AMERICA, LLC, <br><br> Defendant. | Case No. 2:12-cv-07849-WHW-CLW |

[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND
SETTING A HEARING ON FINAL APPROVAL

WHEREAS, Named Plaintiffs Simon Majdipour, Pamela Austin, Brian Fuchs, Charles Manis, Jason Manowitz, and Marvina Robinson (collectively, "Named Plaintiffs" or "Class Representatives"), individually and as representatives of a Class defined below, and Defendant Jaguar Land Rover North America, LLC (hereinafter "JLRNA") (together with the Named Plaintiffs, the "Parties") have entered into a Settlement Agreement, which if approved, would resolve this class action;

WHEREAS, the Class Representatives have filed a motion for preliminary approval of the proposed Settlement, and the Court has reviewed and considered the motion, the supporting brief, the supporting declaration, the Settlement

Agreement, and all exhibits thereto, including the proposed class notice (the "Notice"), any response filed by JLRNA, any exhibits thereto, and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

IT IS HEREBY ORDERED that:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. Pursuant to the Settlement Agreement, the Class has been defined as follows:

> All current and former owners or lessees of Model Year 2003 through Model Year 2006 Land Rover Range Rover vehicles ("Class Vehicles") who were the registered owners or lessees of such vehicles on or before the date of this Agreement to the extent that such registrations were in the District of Columbia or one of the fifty (50) states of the United States, except that the following are excluded: (i) owners and lessees who first purchased or leased a Class Vehicle nine or more years after such Class Vehicle was registered for the first time; (ii) owners and lessees of a Class Vehicle on which a front air spring was first replaced when such Class Vehicle had been in service for more than eight (8) years or driven for more than 100,000 miles; (iii) any judge assigned to the Majdipour lawsuit; and (iv) Persons, if any, who prior to the date of preliminary approval, settled with and released JLRNA or any other Releasee from any of the released claims as set forth in Subsection 13.2 of the Settlement Agreement.

3. The Court preliminarily approves the proposed Settlement, finding that the terms of the Settlement Agreement are sufficiently fair, reasonable, and

adequate to warrant dissemination of the Notice of the proposed Settlement. The Court finds that the Settlement Agreement contains no obvious deficiencies and that the Parties entered into the Settlement Agreement in good faith, following arm's-length negotiation between their respective counsel.

4. The Court appoints Mazie, Slater, Katz & Freeman LLC and Strategic Legal Practices, APC as settlement class counsel and Simon Majdipour, Pamela Austin, Brian Fuchs, Charles Manis, Jason Manowitz, and Marvina Robinson as class representatives.

5. The Court hereby approves the form and procedures for disseminating notice of the proposed Settlement as set forth in the Settlement Agreement. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice in full compliance with the requirements of applicable law.

6. For purposes of identifying current and former owners and lessees of Class Vehicles, R.L. Polk & Company and/or IHS Markit is hereby authorized to provide the names and most current addresses of such owners and lessees to JLRNA or its designee. Any governmental agency in possession of names or addresses of current and former Class Vehicle owners or lessees is hereby authorized and directed to release that information to R.L. Polk & Company and/or IHS Markit upon request.

7. As set forth in the Settlement Agreement, JLRNA shall bear all costs and expenses in connection with providing notice and administering the proposed Settlement.

8. Any Class Member shall have the right to opt out of the Class and the Settlement by mailing a written request for exclusion from the Class to the address listed in the Notice postmarked no later than the deadline provided for such exclusion as set forth in the Notice. To be effective, the request for exclusion must: include the Class Member's name, address, telephone number, the Vehicle Identification Number (VIN) of the Class Member's Class Vehicle, and signature and state the Class Member's desire to "opt out" or "be excluded from the Settlement" in "*Majdipour, et al. v. Jaguar Land Rover North America, LLC*, No. 2:12-cv-07849 (D.N.J.)." Any Class Member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

9. Any Class Member who intends to object to final approval of the Settlement, the amount of attorneys' fees and expenses and/or any incentive award to the Class Representatives must mail a letter, postmarked no later than the deadline provided for such objection as set forth in the Notice, to the Court as well as the address listed in the Notice. The letter should state that the Class Member

"objects" to the Settlement, attorneys' fees and expenses, and/or incentive awards in "*Majdipour, et al. v. Jaguar Land Rover North America, LLC*, No. 2:12-cv-07849 (D.N.J.)" and explain the basis for the objection.  Each objection must also include the Class Member's name, address, telephone number, the Vehicle Identification Number (VIN) of the Class Member's Class Vehicle, and signature.

  10. Any Class Member wishing to speak at the final settlement approval hearing must mail a letter to the Court as well as the address listed in the Notice, postmarked no later than the deadline for such notice of intention to appear set forth in the Notice, stating the Class Member's desire to appear in person, or through Counsel, at the final settlement hearing.  The letter should state that it is a "Notice of Intention to Appear in *Majdipour, et al. v. Jaguar Land Rover North America, LLC*, No. 2:12-cv-07849 (D.N.J.)."  Such notice of intention to appear must include the Class Member's name, address, telephone number, the Vehicle Identification Number (VIN) of the Class Member's Class Vehicle, and signature.

  11. The Court will hold a final settlement approval hearing addressing the final approval of the Settlement Agreement and an award of fees and expenses to Class Counsel, before the undersigned judge at the U.S. District Court, District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101.  At the final settlement approval hearing, the Court will consider:  (i) whether the Settlement should be approved as fair, reasonable, and

adequate for the Class; (ii) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether Class Counsel's application for attorneys' fees and expenses and the incentive awards should be granted.

12. The following schedule shall govern the class action settlement proceedings:

    a. The Settlement Administrator must cause individual notice, substantially in the form attached to the Settlement Agreement as Exhibit C, to be mailed by first-class mail to every Class Member who is reasonably ascertainable from an available R.L. Polk and/or IHS Markit database (or a similar database from another vendor agreeable to the Parties), on or before one-hundred twenty (120) days after this Order is entered on the docket.

    b. Class Members must mail any letter objecting to the proposed Settlement, attorneys' fees and expenses, and/or incentive awards postmarked on or before one-hundred sixty-five (165) days after this Order is entered on the docket.

    c. Class Members must mail any letter electing to exclude themselves from the Class postmarked on or before one-hundred sixty-five (165) days after this Order is entered on the docket.

\\DC - 029018/000050 - 13385118 v4

      d.    Class Members wishing to appear at the final settlement approval hearing must mail any letter stating their intent to appear postmarked on or before one-hundred sixty-five (165) days after this Order is entered on the docket.

      e.    Any motion for final approval of the proposed Settlement, including any exhibits or attachments thereto, shall be submitted on or before twenty-four (24) days prior to the final settlement approval hearing.

      f.    The final settlement approval hearing shall be held on a motion day on or after two-hundred ten (210) days after this Order is entered on the docket.

The dates established for items (b), (c), (d) and (f) shall be included in the Notice mailed to Class Members.

13.    Named Plaintiffs shall file, on or before fourteen (14) days prior to the objection deadline, a motion for attorneys' fees and expenses and for the issuance of incentive awards.

DATED: 14 May 2019

_____
The Hon. William H. Walls
United States District Judge