UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMON MAJDIPOUR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAGUAR LAND ROVER NORTH AMERICA, LLC, <br><br> Defendant. | Case No. 2:12-cv-07849-MCA-LDW |

## [~~PROPOSED~~] AMENDED FINAL JUDGMENT AND ORDER GRANTING APPROVAL OF CLASS SETTLEMENT

Class Representatives Simon Majdipour, Pamela Austin, Brian Fuchs, Charles Manis, Jason Manowitz, and Marvina Robinson (collectively, "Class Representatives"), individually and as representatives of the Settlement Class, and Defendant Jaguar Land Rover North America, LLC (hereinafter "JLRNA") (together with the Class Representatives, the "Parties") moved this Court for an Order granting final approval of their Settlement and taking certain other actions. On Feb 3, 2020, the Court held a hearing on final approval of the Settlement.

Upon considering the Parties' Settlement Agreement, all papers in support of the Settlement filed by the Parties, the arguments of counsel, and the entire record herein, it is hereby ORDERED as follows:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over all the parties in this action.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

3. Based on the record before the Court, including the Orders preliminarily approving the Settlement and preliminarily certifying the settlement class, and the submissions in support of the Settlement and preliminary certification, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied and hereby certifies solely for the purpose of effectuating the Settlement the following Settlement Class pursuant to the Settlement Agreement:

> All current and former owners or lessees of Model Year 2003 through Model Year 2006 Land Rover Range Rover vehicles ("Class Vehicles") who were the registered owners or lessees of such vehicles on or before the date of this Agreement to the extent that such registrations were in the District of Columbia or one of the fifty (50) states of the United States, except that the following are excluded: (i) owners and lessees who first purchased or leased a Class Vehicle nine or more years after such Class Vehicle was registered for the first time; (ii) owners and lessees of a Class Vehicle on which a front air spring was first replaced when such Class Vehicle had been in service for more than eight (8) years or driven for more than 100,000 miles; (iii) any judge assigned to the Majdipour lawsuit; and (iv) Persons, if any, who prior to the date of preliminary approval, settled with and released JLRNA or any other Releasee from any of the released claims as set forth in Subsection 13.2 of the Settlement Agreement.

4. The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlement as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), the Court determines that Class Representatives have alleged one or more questions of fact or law common to the Class;

    c. Pursuant to Rule 23(a)(3), the Court determines that Class Representatives' claims are typical of the claims of the Class;

    d. Pursuant to Rule 23(a)(4), the Court determines that Class Representatives will fairly and adequately protect the interests of the Class;

    e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members; and

    f. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action.

5. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be vacated *nunc pro tunc*.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement on the basis that it is fair, reasonable, and adequate as to, and in the best interests of, all Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.

7. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the Court appoints the following firms as Class Counsel for the Settlement Class: Mazie, Slater, Katz & Freeman LLC and Strategic Legal Practices, APC.

8. The Class Representatives will represent the Settlement Class.

9. The Court approves the terms of the Settlement Agreement.

10. The distribution of the Notice as provided for in the Order granting preliminary approval of the settlement constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

11. The Court has carefully considered and overruled any objections to the proposed Settlement that have been filed.

12. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class ("Opt-Outs"), all Parties are bound by this Final Judgment and Order and by the Settlement Agreement.

13. Except as to the Opt-Outs, the Court dismisses all claims contained in this action, as well as all of the Released Claims, against any of the Releasees by the Class Representatives and/or Class Members, with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

14. The Opt-Outs have timely and validly requested exclusion from the Class and are hereby excluded from the Class, not bound by this Final Judgment and Order, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.

15. The Court dismisses, with prejudice, *Majdipour, et al. v. Jaguar Land Rover North America, LLC*, No. 2:12-cv-07849 (D.N.J.).

16. As of the Effective Date of this Agreement (as defined in Section 14 of the Settlement Agreement), the Releasors shall be deemed to hereby fully and irrevocably release, waive, and discharge the Releasees, whether or not specifically named herein, from any and all past, present, and future liabilities, claims, causes

of action (whether in contract, tort or otherwise, including statutory, common law, property, declaratory and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected that (i) were or could have been asserted in the Litigation relating to or concerning the allegedly defective front air springs on Class Vehicles or (ii) that were or could have been asserted in any other complaint, action, or litigation in any other court or forum and relate to or concern allegedly defective front air springs on Class Vehicles or the transactions, actions, conduct or events that are the subject of the Litigation regarding the Class Vehicles and the allegedly defective front air springs on Class Vehicles ("Released Claims"); provided that the Released Claims shall include any unknown claims that a Settlement Class Member does not know to exist against any of the Releasees which, if known, might have affected his or her decision regarding the settlement of the Litigation; provided further that the Class Representatives acknowledge that they and the other Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release but the Released Claims shall nonetheless be deemed to include any and all Released Claims without regard to the existence of such different or additional facts concerning each of the Releasees. Notwithstanding the foregoing, no claims are released hereunder: (a) for personal

injury; (b) for damage to property other than a Class Vehicle; (c) that pertain to one or more front air springs on a Class Vehicle to the extent that such Class Vehicle, at the time of the front air spring replacement(s), had been in service for more than eight (8) years or driven for more than 100,000 miles; or (d) that pertain to anything other than the Class Vehicles and the allegedly defective front air springs on Class Vehicles.

17. All Releasors are barred, enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against any Releasee based upon, relating to, or arising out of, any of the Released Claims.

18. This Final Judgment and Order shall not affect, in any way, the right of Class Representatives or Class Members to pursue claims, if any, outside the scope of the Released Claims.

19. The Settlement Agreement, acts performed in furtherance of the Settlement Agreement or the Settlement set forth therein, and/or documents executed in furtherance of the Settlement Agreement or the Settlement set forth therein, may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by any Class Representative, Class Member, or Class Counsel (including the appropriateness of class certification); (b)

any wrongdoing or liability of any Releasee; or (c) any fault or omission of any Releasee in any court, administrative agency, or other proceeding.

20. Neither the Settlement Agreement nor any action taken by the Parties either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement shall be (i) offered or be admissible in evidence against any Releasee, or cited or referred to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or brought to enforce its terms or (ii) deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made in the Litigation or an acknowledgment or admission by any Releasee of any fault, liability, or wrongdoing of any kind whatsoever. Notwithstanding the foregoing, the Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement and any other documents executed in connection with the performance of the agreements embodied therein. The Releasees may file the Settlement Agreement and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8

21. Any order entered regarding the motion for attorneys' fees and expenses or incentive awards in this action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

22. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of reimbursements under the claims-made Settlement; (b) hearing and determining applications for attorneys' fees, costs, expenses, and incentive awards in the action; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

23. The Clerk of the Court is hereby directed, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to promptly enter judgment in a separate document.

DATED: Feb 3-20*U*

The Hon. Madeline Cox Arleo
United States District Judge

# EXHIBIT 1

*Simon Majdipour v. Jaguar Land Rover North America, LLC*
Case No: 2:12-cv-7849-MCA-LDW
U.S. District Court for the District of New Jersey
January 31, 2020

List of Exclusions

|   | VIN |
|---|---|
| 1 | SALME154X6A210900 |
| 2 | SALMF11464A167253 |
| 3 | SALMF13496A231690 |